[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15401
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03439-TWT

DORIS ARCHER,

                                                Plaintiff-Appellant,

versus

CAPTAIN MYRON LOGAN,
MAJOR R. K. ELLISON,
LIEUTENANT A. B. CATLIN,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, plaintiff Doris Archer appeals, through counsel, the district court's entry of summary judgment in favor of defendant Captain Myron Logan, of the DeKalb County Police Department, and defendant Major Robert Ellison, Logan's supervisor.  In her complaint, Archer alleged that the defendants caused her arrest in violation of the First and Fourth Amendments and also asserted false arrest and malicious prosecution claims based on state law. Having reviewed the record and considered the arguments of the parties in their briefs, we AFFIRM the grant of summary judgment for the reasons stated in the district court's thorough and well-reasoned order entered November 4, 2014.

We also point out that the district court correctly rejected plaintiff Archer's argument that defendant Captain Logan was acting "under color of state law" simply because his position in the Police Department <u>may</u> have gained him some preferential treatment by the District Attorney's Office investigator or allowed him a measure of influence in the initiation of a criminal prosecution.  We agree with the district court that Archer has cited no authority indicating that a state official acting purely in his private capacity acts under color of state law simply "because he may have gained an indirect advantage by virtue of his official post."  We add that our precedent supports the district court's rejection of that argument on this

2

record.  See Myers v. Bowman, 713 F.3d 1319, 1331 (11th Cir. 2013) (defendant magistrate judge did not act under color of state law even though his "position as a magistrate judge affected [police officer's] decision to pursue the [plaintiffs]," and he instructed another officer during the arrest, because arrest was not "made possible only because [defendant] was clothed with the authority of state law" (alteration adopted and quotation omitted)).

We additionally address, and find unpersuasive, plaintiff Archer's contention that the district court—in finding no supervisory liability as to defendant Major Ellison—erred in failing to address her claim that Ellison directly participated in the alleged First and Fourth Amendment violations.  Archer has pointed to no evidence creating a genuine issue of material fact regarding whether Ellison personally participated in the investigation that culminated in her indictment and arrest.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 06, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-15401-BB
Case Style: Doris Archer v. Myron Logan, et al
District Court Docket No: 1:13-cv-03439-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, BB at (404) 335-6179.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs